RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/7/11
BY gba

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WALTER G. STEELE, ET UX | CIVIL DOCKET NO. 08-1947 |
|---|---|
| -vs- | JUDGE DRELL |
| POLICE DEPARTMENT OF OAKDALE, ET AL | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

The Motion for Leave to Amend (Document No. 41) is DENIED. It is inconceivable that Plaintiffs themselves would not know enough about their claims and what happened to Mr. Steele to have made out a claim for failure to make reasonable accommodation. The times for amendment fixed in the Scheduling Order have run. This is precisely the kind of amendment to which the good cause requirements of Fed. R. Civ. P. 16(b)(4) are directed. See S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A., 315 F.3d 533, 536 (5th Cir. 2003)(clarifying that the "good cause" requirement in Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a scheduling order deadline has expired). While the depositions mentioned **were** taken within the extended discovery deadline, we are most surprised that such key witnesses would be deposed that late. Defendants correctly point out that the claim sought to be

made is not a *pro forma* claim and requires different proof from those already made. We are not persuaded that good cause has been shown, and the likelihood of prejudice to the defendants is high; this is no more clearly made than in the offer by Plaintiffs' attorney to allow **more** discovery if the claim is allowed.

SIGNED on this 4th day of March, 2011, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE